# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-0247V
### Filed: May 9, 2018
UNPUBLISHED

SCOTT KASHKIN,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Processing Unit (SPU);
Attorneys' Fees and Costs

*Andrew M. Hale, Hale Law, LLC, Chicago, IL, for petitioner.*
*Glenn Alexander MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On February 22, 2016, Scott Kashkin ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered an injury to his left shoulder as a consequence of an influenza ("flu") vaccine he received on September 30, 2014. Petition at 1, 3. On August 7, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 39).

On February 13, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 44). Petitioner requests attorneys' fees in the amount of $46,985.00 and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $485.99.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (ECF No. 44-3 at 2). Thus, the total amount requested is $47,470.99.

On February 26, 2018, respondent filed a response to petitioner's motion.  (ECF No. 45.)   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

Petitioner requests compensation for Mr. Kamionski at a rate of $350 per hour for time billed in 2015 - 2017.  (ECF No. 44 at 2).  Mr. Kamionski has been a member of the State Bar of Illinois since 2004. The undersigned notes that the requested rate is towards the high end of this Court's Attorneys' Hourly Rate Fee Schedule for attorneys with more 11-19 years of experience.  Under the Court's Fee Schedule, an attorney with 11-19 years of experience is entitled to hourly rates between $300-375 for work performed in 2015 and 2016,  and $307-383 for work performed in 2017.  However, Mr. Kamionski has limited experience with Vaccine Program cases.[3]  The undersigned finds the requested rate excessive based on his overall legal experience, the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large.  *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).  Based on Mr. Kamionski's inexperience in the Vaccine Program, the undersigned reduces Mr. Kamionski's hourly rates to $300 an hour for attorney time billed in 2015 – 2016, and $307 for time billed in 2017.[4] The undersigned finds that the proposed paralegal rate of $125 per hour is reasonable. Therefore, attorneys' fees **requested are reduced by $6,550.00**.

---

[3] This is Mr. Kamionski first vaccine case, and he currently has no other cases pending before this Court.

[4] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules for 2015-2016 and 2017 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch v. Sec'y Health & Human Servs.*, 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The amount of fees is also reduced for certain tasks that the Vaccine Program does not compensate for, including time spent engaged in professional development relative to Mr. Kamionski's inexperience with the Vaccine Program.  "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program."  *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar.  If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task."  *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).  Mr. Kamionski and his paralegal spent over 15 hours conducting research on vaccine procedures, information on how to file with the court, and past case settlements over the course of this case. Examples of these entries include: 05/13/15 (1.30hrs) "Research Information on how to file a claim for vaccine injury"; 09/03/15 (1.0hr) "Continue research and contact with co-counsel re: admission and complaint matters"; 05/31/16 (0.10) "Phone conference with Clerk of Court re: Filing a Motion for Extension of Time; 09/09/16 (0.20 hr) "Phone conference with Clerk of the US Court of Federal Claims re: filing various documents".  The undersigned **reduces the fees request by $4,795.00**.[5]

Additionally, the undersigned notes petitioner requests compensation for certain paralegal tasks billed at an attorney rate. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal.  *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). The undersigned finds petitioner has billed for at least 14.4 hours of time spent on tasks that are primarily paralegal in nature.[6] The undersigned **reduces the fee request by $2,520.00**.[7]

---

[5] This amount consists of 15.4 hours billed at the already reduced rate of $300 and 1.4 hours billed at the paralegal rate of $125. ($300 * 15.4 = $4620; $125 * 1.4 = $175; $4620 + $175 =$4795).

[6] Examples of these tasks include: 04/12/16 (1.10 hours) "Prepare medical release forms for client in order to obtain his medical records and obtain contact information to all of client's medical facilities." (ECF No. 44-2 at 5); 05/04/16 (1.2 hours) "Continue to work with medical providers to obtain medical records." (ECF No.44-2 at 5); 06/17/16 (1.3 hours) "Follow up with treating physicians on status of medical records." (ECF No. 44-2 at 6); 07/14/16 (1.6 hours) "Continue to follow up with treating physicians on receiving medical records." (ECF No. 44-2 at 7).

[7] This amount consists of 14.4 hours billed at the already reduced rate of $300 per hour and the paralegal rate of $125.00 per hour multiplied by 14.4 hours for a total reduction of $2,520.00. ($300.00 - $125.00 * 14.4 = $2,520.00).

The undersigned also finds that petitioner's award of attorney's fees includes excessive billing. The Vaccine Act provides broad discretion to special masters in determining a reasonable amount of fees and costs. *See* § 15(e)(1). While petitioner is entitled to an award of attorney's fees, the undersigned finds that the total number of hours billed by Mr. Kamionski regarding preparation of the initial petition, to be excessive. A total of 28.4 was billed to prepare the four-page petition and accompanying 41 pages of records. These hours included multiple drafts and revisions, conferring with co-counsel, and exhibit preparation. In total, $8,520.00[8] was billed to prepare the petition and medical records. Therefore, a reduction in the number of hours billed by Mr. Kamionski, is appropriate. The undersigned will reduce the excessive attorney hours billed by 20 percent, **a reduction of $1,704.00**.

Petitioner request reimbursement for attorney costs in the amount of $485.99. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount sought.

Based upon the above analysis, a review of the costs, and the undersigned's experience, petitioner's application for attorneys' fees and costs is **reduced by a total of $15,569.00**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). In sum, the undersigned finds that petitioners are entitled to reasonable attorneys' fees and costs as described above and awards petitioner attorneys' fees in the reduced amount of $31,416.00 and costs in the amount of $485.99.

| | |
|---|---|
| Requested attorneys' fees: | $46,985.00 |
| Reductions | -  15,569.00 |
| **Adjusted Fees Total:** | **$31,416.00** |
| | |
| Requested attorney costs: | $ 485.99 |
| Reductions | - 0.00 |
| **Adjusted Costs Total:** | **+ $485.99** |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$31,901.99** |

---

[8] This amount consists of the already reduced rate of $300. ($300 * 28.4 = $8520). The hourly rate of $350 listed on the billing records submitted increases the billed amount to $9,940. ($350 * 28.4 = $9,940).

Accordingly, the undersigned awards the total of **$31,901.99**[9] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel **Andrew M. Hale.**

The clerk of the court shall enter judgment in accordance herewith.[10]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[9] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[10] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.